

**FILED**
**Oct 17, 2019**
**09:31 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **CLIFTON HOLLAND,** | ) | **Docket No. 2019-05-0575** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **GOODMAN GLOBAL, INC,** | ) | **State File No. 22705-2019** |
| **INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **INS. CO. OF NORTH AM.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING REQUESTED BENEFITS

---

This case came before the Court on October 10, 2019, for an Expedited Hearing on whether Mr. Holland is entitled to additional medical or temporary disability benefits. To receive these benefits, Mr. Holland must show he gave proper notice of his injury and, if so, that his injury arose primarily out of and in the course and scope of his employment. For the reasons below, the Court holds Mr. Holland met both of these burdens and is entitled to the requested medical benefits. However, he is not entitled to the requested temporary disability benefits at this time.

### History of Claim

Mr. Holland testified he injured his knee on January 15, 2019, when he stepped off a skid and twisted his leg. He filed an accident report with the company nurse the next day. Mr. Holland returned to the nursing station several times over the next few weeks, where he received ice packs and ibuprofen until the nursing staff referred him to a doctor in March.

Mr. Holland selected Lynchburg Family Medicine from a panel on March 27 and saw nurse practitioner Conan Carter that day. NP Carter's records show that Mr. Holland

1

described knee pain since twisting his knee at work in January. After an x-ray, NP Carter noted left-knee pain and swelling and told Mr. Holland to continue with ibuprofen and biofreeze as needed. He also said to continue wearing a knee compression sleeve while at work. Over the next two visits, Mr. Holland had an MRI that showed a medial meniscus tear, and NP Carter referred him to an orthopedist.

Mr. Holland saw an orthopedic doctor, Stanton Davis, on April 24. Dr. Davis confirmed the meniscus tear and recommended an arthroscopic partial meniscectomy. He also placed Mr. Holland on restricted duty.

Goodman did not approve the recommended surgery but filed a Notice of Denial on May 9. Mr. Holland has had no further medical treatment.

On cross-examination, Mr. Holland admitted that he only filled out one incident report and that he did so the day after the injury. He agreed that the date of the report was March 27.

Christine Holland, Mr. Holland's wife, testified about another inconsistent date in the medical records. She explained that when she filled out most of the intake documents at Dr. Davis's office on April 24, she erroneously identified the injury date as February 15, instead of January 15.

The parties stipulated to a weekly compensation rate of $501.43.

Mr. Holland requested that the Court order Goodman to provide medical treatment and pay temporary disability benefits. He explained that any discrepancy in the dates of injury in his medical records was merely a "human mistake."

Goodman contended that Mr. Holland is not entitled to any benefits. It first argued that he failed to give notice of a January 15 injury until he filled out the March 27 incident report. Goodman next claimed Mr. Holland failed to prove he is likely to establish that he suffered an injury that arose primarily out of and in the course and scope of his employment. It argued that he only filled out one injury report, the day after the injury, which made his date of injury March 26, not the January 15 date he claimed in his Petition for Benefit Determination. Goodman argued that this raises questions about whether the injury occurred at work.

## Findings of Fact and Conclusions of Law

Mr. Holland must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal." Further, Tennessee Code Annotated section 50-6-201(a)(3) provides that failure to give notice will not bar a claim unless the employer can show it was prejudiced by the lack of notice. Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to provide timely and proper treatment for the injured employee. *See Masters v. Indus. Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980).

Goodman contended that Mr. Holland failed to provide proper notice of his January 15 injury because he did not file the incident report until March 27. This argument is unpersuasive, as it ignores Mr. Holland's testimony that he reported the injury the next day and received on-site treatment from Goodman's nurse for several weeks. Goodman put on no proof to rebut that testimony. Therefore, since Mr. Holland established that he gave notice sufficient to trigger on-site medical treatment, the Court finds that Goodman had actual knowledge of the incident.

Further, even if Goodman had no knowledge of Mr. Holland's work injury until two months later, it presented no evidence of any prejudice to its ability to defend this claim or provide proper medical treatment. For these reasons, the Court holds that Mr. Holland is likely to prevail at a hearing on the merits on notice.

*Compensability*

To prove a compensable injury, Mr. Holland must show that his alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must establish a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A). Further, he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Applying these principles to the facts of this case, the Court first notes that Mr. Holland described a specific, work-related incident. That is, he injured his knee when he slipped on a skid at work. Goodman presented no evidence of any other cause of the injury. Instead, it questioned whether the injury actually occurred as Mr. Holland

claimed.

The Court recognizes the injury-date discrepancies Goodman identified. However, the bulk of the evidence supports Mr. Holland's claim of a January 15 injury. Although Mr. Holland completed the incident report in March, a review of the report shows that Mr. Holland indicated his date of injury as "Jan. 2019." This is consistent with his description of the injury. NP Carter's records further bolster that claim, stating that Mr. Holland described knee pain since twisting his knee at work in January. He also instructed Mr. Holland to *continue* with ibuprofen and biofreeze and to *continue* wearing a knee compression sleeve while at work, which suggests Mr. Holland had been dealing with his knee problem for some time. Mrs. Holland's error in filling out the patient information sheet explains the appearance of a February 15 injury date in Dr. Davis's records.

Further, minor variations in dates and times are not uncommon, nor are they always indicative of an intent to mislead. Even if minor and insignificant details vary, an injured worker should not be penalized simply for being a poor historian. *Orman v. William Sonoma,* 803 S.W.2d 672, 677 (Tenn. 1991). Mr. Holland's willingness to admit that he only filled out one injury report is curious,[1] but the Court finds it insufficient to overcome his steady, consistent, unequivocal, and credible testimony that he hurt his knee on January 15. Also, most of the medical records and the injury report support that account. Therefore, the Court holds that Mr. Holland demonstrated he is likely to establish a specific incident, identifiable by time and place, at a hearing on the merits.

The question then is whether Mr. Holland appears likely to prove at a hearing on the merits that his work primarily caused the injury. The only medical opinion regarding causation is in Dr. Davis's Work Restriction Form, where he checked the box marked, "IS considered work related." Dr. Davis's response fails to address whether work was the *primary* cause of the injury. However, "a doctor need not couch a medical opinion in a rigid recitation of the statutory definition, of an injury, but must include sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied." *Montgomery v. Mitchell Indus. Tire Co., Inc.*, 2019 TN Wrk. Comp. App. Bd. LEXIS 32, at 9 (July 17, 2019). In reaching that conclusion, the Court can consider expert opinions in conjunction with Mr. Holland's lay testimony as to his condition. *Id.*

Considering Dr. Davis's opinion that the injury is work-related, Mr. Holland's credible account of a specific workplace incident, and the lack of any proof to the contrary, the Court concludes that Mr. Holland is likely to prove that his alleged injuries

---

[1] Mr. Holland might have been mistaken about filling out only one incident report, or he might have only verbally reported the injury to Goodman's nursing staff. The Court cannot determine the reason, mostly because Goodman put on no proof regarding Mr. Holland's treatment with the company nurse or what triggered that treatment.

arose primarily out of and in the course and scope of his employment.

*Medical Benefits*

Having found Mr. Holland is likely to prevail in establishing a compensable aggravation of his preexisting condition, the Court must address his request for medical benefits. Under the Workers' Compensation Law, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). Mr. Holland is therefore entitled to continuing treatment, including any reasonable and necessary surgery, with Dr. Davis as his authorized physician.

*Temporary Total Disability*

To receive temporary total disability benefits, Mr. Holland must establish that (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). None of the medical records showed that Mr. Holland's physicians took him completely off work. Without evidence that he was "disabled from working," Mr. Holland has not proven he is likely to succeed on a claim for temporary total disability benefits.

*Temporary Partial Disability*

Temporary partial disability (TPD) benefits are available when the temporary disability is not total. Specifically, TPD "refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Id*. An employee may receive TPD benefits when the treating physician has him to return to work with restrictions but the employer either (1) cannot return the employee to work within those restrictions or (2) cannot provide restricted work that pays the employee's average weekly wage on the date of injury. *Id.* at *8.

Dr. Davis assigned a number of restrictions when he saw Mr. Holland on April 24. However, the parties submitted no evidence regarding Mr. Holland's current employment status or whether Goodman offered him work within those restrictions. Without this information, the Court must deny his request for TPD benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Goodman shall provide Mr. Holland with any medical treatment made reasonably necessary by his January 15, 2019 injury. Dr. Davis shall be the authorized treating physician.

5

2. Mr. Holland's request for temporary disability benefits is denied at this time.

3. This case is set for a Scheduling Hearing on January 21, 2020, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 17, 2019.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Clifton Holland
2. Records from The Orthopedic Center
3. Records from NP Conan Carter
4. Goodman medical report forms
5. MRI report of April 4, 2019
6. Written witness statements (Identification Only)
7. Notice of Denial of Claim
8. Wage Statement
9. Employee's Report of Incident
10. Choice of Physician Form

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on October 17, 2019.

| Name | Certified Mail | Via Email | Service Sent To |
|------|------|------|------|
| Clifton Holland | X | X | 98 Slatton Rd.<br>Flintville, TN 37335<br>Cholland8638@live.com |
| Peter Rosen, Employer's Attorney | | X | prosen@vkbarlaw.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**